UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
JUL 22 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FIRST TIME VIDEOS, LLC

Plaintiff,

v.

Case No. 1:11-CV-03837

John Doe, pro se 67.184.193.186
And Multiple John Does

Defendants.

## MOTION TO QUASH

To the Honorable Court:

One of the possibly named "Doe" Defendants, herein *pro-se*, files this Motion to Quash a Subpoena to Produce Documents, Information, or Objects to Permit Inspection of the Premises in a Civil Action, as to this Defendant only. In support thereof, this possibly named "Doe" defendant would show as follows:

1. This Defendant is a customer of Comcast, which has been served with the referenced subpoena dated June 22, 2011.

2. This possible Defendant has not been served with any pleadings in the case. This possible Defendant has no knowledge of Plaintiff, this action, or any other aspect of this case.

3. This possible Defendant has been advised by Comcast that it may be required to turn over certain personal records which it may have accessed in the course of dealings between Comcast and Plaintiff, which have no relation to this lawsuit. This possible Defendant believes such information is private and privileged, and that Plaintiff should not be entitled to disclosure thereof.

4. This possible Defendant believes, based on information and belief, that this lawsuit alleges copyright violations, but has no idea how this Defendant may possibly be connected with such a claim.

5. This possible Defendant believes that there is no common nexus of fact, that the various "Doe" defendants presumably have no idea as to the identities of any other Defendants.

6. This possible Defendant believes that this subpoena is issued in bad faith, in order to induce Comcast to divulge information which is private and privileged, and is intended only for purposes of harassment of certain customers of Comcast.

7. This possible defendant would show the Court that Plaintiff must make a specific evidentiary showing to obtain the identity of a John Doe Defendant. Colombia Insurance Co. V. Seescandy.com. 185 F.R.D. 573, 575 (N.D. Cal, 1999) which held that Plaintiff must allege "an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed the act." (Emphasis Added). Subpoenas seeking to identify anonymous internet users must be subjected to careful scrutiny by the Courts. Does v. 2themart.com, Inc., 140 F. Supp. 2d 1088 (W.D. Washington, 2001). The Plaintiffs must allege an evidentiary basis entitling them to discover the identity of a John Doe to protect against unjustified invasion of such defendant's right of privacy. Highland Capital Management v. Doe., 385 F. Supp. 2d 969, 970; 975-976 (N.D. California, 2005). This case further held that the Plaintiffs must present competent evidence that must address all of the inferences of fact needed to prevail under at least one cause of action (ibid., at 975-976, which holds that "the evidence that Plaintiff adduces must, if unrebutted, tend to support a finding of each fact that is essential to a given cause of action). Here, the Plaintiff has failed to make any such showing inasmuch that complaint is too vague to even deduce what it alleges in violation of the Copyright Act.

8. Furthermore, this Possible Doe believes that this subpoena seeks the identification of this Possible Doe as a user of internet services which may have been provided by Comcast, but fails to identify any reason therefore or any individual computer from which they may allege any infringement of copyright laws. They further fail in their pleadings and exhibits to identify any materials which were ever located on any computer, much less a computer owned or under the control of *this* Possible Doe. Something more is required to allow this Plaintiff to invade the privacy of citizens based on such allegations.

9. Plaintiff has not alleged any of the following matters of this Possible Doe:
    a. Actual copyright infringement by this Possible Doe, whose identify is sought;
    b. That this Possible Doe invited anyone to copy any of Plaintiff's files;

    c. That this Possible Doe was even aware that material could be copied by third parties such as Plaintiff's agents;

    d. That this Possible Doe had any duty to protect Plaintiff's files from alleged copying over the internet by any third party;

    e. That this Possible Doe did not have a license for copyrighted works he possessed via the purchase of those works in either electronic or any other format;

    f. Any actual copying of any files on this Possible Doe's computer;

    g. That this Possible Doe even possessed or possesses a computer capable of copying data to another media, across the internet or otherwise.

10. The complaint in this matter does not allege any actual instances of downloading of copyrighted files to this Possible Doe's computer. Plaintiff apparently suggests that merely having copyrighted files on an individual computer is "distribution" of copyrighted materials. A copyright owner's exclusive right to distribution is set forth in 17 U.S.C. §109, and the prohibitions shown in that Section do not fit Plaintiff's actions against this Possible Doe.

11. Plaintiffs do not allege that this Possible Doe received any commercial advantage by any alleged conduct. The Complaint's theory of copyright infringement has been considered and rejected in prior cases. National Car Rental System v. Computer Assoc., 991 F.2d 426, 434 (8th Circuit, 1993) held that infringement of distribution rights requires actual dissemination. See also Obelensky v. G.P. Putnam's Sons, 628 F. Supp. 1552, 155-56 (S.D.N.Y.) which held no infringement on a copyright owner's right of book distribution occurred by listing the book in a publication. See also Arista Records, Inc. v. MP3 Board, Inc., 2002 U.S. Dist. Lexis 16165 at 13-14 (S.D.N.Y. 8-29-2002).

12. Plaintiff's subpoena should be quashed because it does not contain any information about the claimed copyrighted work, for example, file name and/or movie name nor file type and/or movie type, on the allegedly uploaded and/or downloaded movie using a computer assigned to the I.P. address 67.184.193.186 on May 5th, 2011, per the paperwork and spreadsheet information submitted to Comcast and in-turn to John Doe.

13. Plaintiff's subpoena to Comcast also does not provide information on the amount of data shared and/or the duration of the data shared on the internet. Therefore it is plausible that John Doe inadvertently clicked on a link which started the alleged copyright movie

download and/or upload for a split second, thereby not downloading and/or uploading 100% of 50% or even a full 1% of the movie being claimed by the Plaintiff as their copyrighted work.

14. Plaintiff's subpoena also fails to state the validity of the gathered information on John Doe, as represented in the supplied and alleged evidence submitted in form of a list of I.P. addresses to Comcast, which it in-turn was submitted to John Doe. Therefore it is plausible that Plaintiff cannot guarantee with 100% accuracy, the validity of the I.P. address of John Doe submitted to Comcast, and the Plaintiff also fails to detail the validity of how they gathered this I.P. address.

15. John Doe would also bring to the Court's attention the prevalence of computer hackers and their ability to copy or spoof I.P. addresses and Media Access Controller addresses thereby falsely assuming John Doe's internet identity and/or hijacking his computer without John Doe's knowledge. John Doe did not have wireless security enabled on his personal home network at the time of the alleged infringement, and therefore cannot guarantee it's unauthorized use and/or hacking thereof.

16. A Memorandum Order for C.P. Productions, Inc. v. Does 1-300 (N.D. Ill, 2011) (see attached Exhibit 1) found that "the course of action chosen by counsel of CP Productions plainly has the potential to perpetrate the type of abuse identified in the most recent motion to quash, and indeed, the motion to quash filed earlier by a Tennessee lawyer who lists herself as 'Attorney for Doe 300'". As the Counsel for V.P. Productions is the same as the counsel in this case, and as this is the same type of case, the potential for the abuses (also briefly described in point 6 of this motion) clearly exist as well.

WHEREFORE, PREMISES CONSIDERED, this Possible Doe requests the Court grant any and all relief the Court may deem appropriate, including but not limited to the dismissal of Plaintiff's complaint against this Possible Doe, quashing Plaintiff's subpoena as to the non-party CWRU seeking this Possible Doe's private information and that the Court award this Possible Doe attorney's fees and costs.

Respectfully Submitted,

*/s/ John Doe*
_____
Dated this 22nd day of May, 2011.

 

|  |  |
|---|---|
| | x _/s/ John Doe_____, pro se |
| Name: | John Doe 67.184.185.211 |
| Address Ln1: | 872 S. Milwaukee Ave. |
| Address Ln2: | Suite #152 |
| City, State, Zip: | Libertyville, IL 60048 |
| Phone Number: | |

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CP PRODUCTIONS, INC., )
)
        Plaintiff, )
)
v. ) No. 10 C 6255
)
DOES 1-300, )
)
        Defendants. )

MEMORANDUM ORDER

As the caption of this action suggests, it is an understatement to characterize it as problematic in nature. It was filed more than four months ago (on September 29, 2010), so that the time prescribed for service on each of the 300 anonymous putative defendants under Fed. R. Civ. P. ("Rule") 4(m) has expired. Moreover, the few developments that have taken place since the action's filing--most recently a motion to quash filed by one of the "Doe" defendants--tend to confirm that this lawsuit is not an appropriate vehicle for the accomplishment of the goal stated in Complaint ¶1:

> This action has been filed by Plaintiff to combat the willful and intentional infringement of its copyrighted creative works and includes a civil claim for copyright infringement. Defendants, whose names Plaintiff expects to ascertain during discovery, illegally reproduced and distributed Plaintiff's copyrighted creative works via computer networks and upon information and belief continue to do the same.

Instead the course of action chosen by counsel for CP Productions, Inc. plainly has the potential to perpetrate the type of abuse identified in the most recent motion to quash and,

indeed, the motion to quash filed earlier by a Tennessee lawyer who lists herself as "Attorney for Doe 300."

Accordingly this Court complies with the mandate of Rule 4(m) by dismissing this action without prejudice against <u>all</u> defendants. Counsel for CP Productions, Inc. is notified that no motion for reconsideration of this order will be entertained in the absence of an appropriate showing of justification for such reconsideration.[1]

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: February 7, 2011

---

[1] This order of dismissal moots the current motion to quash (Dkt. 25), which is therefore denied on that basis.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST TIME VIDEOS, LLC<br><br>Plaintiff,<br><br>v.<br><br>John Doe, pro se 67.184.193.186<br>And Multiple John Does<br><br>Defendants. | Case No. 1:11-CV-03837 |

### AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

Filed Under Penalty of Perjury

I, John Doe, the Affiant, am making and filing this affidavit solely to dispute the plaintiff's claim of copyright infringement. I hereby certify that the following statements are true, and before a person authorized to take swear and accept such oath, I, the Affiant, sayeth that:

*General Defenses/Affirmative Defenses*

Affiant adopts the below statements as true within this affidavit:

1. Affiant has a wireless router without security enabled (e.g, WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range. Because the affiant lives in a condo complex, this range of 120 feet may extend to up to 24 adjacent units plus several adjacent houses. Affiant has no knowledge of the alleged infringement.
2. Affiant has multiple computers in their residence used by multiple users (family members, friends, visitors, etc.) that all share the same IP address (internet connection). Affiant has no knowledge of infringement.
3. At the time of the alleged infringement, 7:34 PM GMT (2:34 PM CDT) on Wednesday, May 5, 2011, the affiant was at work, 12 miles from the internet connection.
4. Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Dated this 22nd day of July, 2011.

Respectfully submitted,

X __John Doe_____, pro se

|  |  |
|---|---|
| Name: | John Doe 67.184.185.211 |
| Address Ln1: | 872 S. Milwaukee Ave. |
| Address Ln2: | Suite #152 |
| City, State, Zip: | Libertyville, IL 60048 |
| Phone Number: | |