**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRST TIME VIDEOS, LLC, ) | CASE NO. 1:11-cv-3837 |
| ) | |
| Plaintiff, ) | Judge: Hon. Ruben Castillo |
| ) | Magistrate Judge: Hon. Susan E. Cox |
| v. ) | |
| ) | **RESPONSE OF PLAINTIFF FIRST** |
| DOES 1 – 63, ) | **TIME VIDEOS, LLC, IN OPPOSITION** |
| ) | **TO MOVANT'S MOTION FOR** |
| Defendants. ) | **PROTECTIVE ORDER AND MOTION** |
| ) | **TO QUASH** |

An anonymous individual claiming to be associated with Internet Protocol ("IP") address 67.184.193.186 ("Movant") filed a Motion for a Protective Order (July 22, 2011 [hereinafter Mot. for Prot. Order #12], ECF No. 12), as well as a Motion to Quash an outstanding nonparty subpoena issued to Comcast Cable Holdings, LLC ("Comcast"), and an incorporated affidavit in support of his motions. (July 22, 2011 [hereinafter Mot. to Quash #11], ECF No. 11.) Movant argues that Plaintiff's pleadings are insufficient (*Id.* ¶¶ 9–11), that disclosure of his identity would violate his right to privacy (*Id.* ¶¶ 3, 7–8), that the subpoena should be quashed because it did not include certain detailed information (*Id.* ¶¶ 12–14), that joinder of the sixty-three Doe Defendants is improper (*Id.* ¶ 5), that modern technology is not capable of establishing Internet-based copyright infringement (*Id.* ¶¶ 14–15), and that he did not personally infringe Plaintiff's copyrighted Video. (*Id.* at 9 ¶¶ 1–4.) Movant further argues that Plaintiff or Plaintiff's counsel has acted in bad faith and with improper motives, and that another case involving Plaintiff's counsel is relevant to his arguments. (*Id.* ¶¶ 6, 16.)

**ARGUMENT**

This brief consists of seven parts: Part I argues that Movant is a nonparty and cannot be preemptively dismissed from an action to which he is not yet a party. Part II argues that Movant should not be allowed to proceed anonymously and is not entitled to a protective order. Part III argues that Plaintiff has stated a *prima facie* claim for copyright infringement that outweighs

Movant's limited First Amendment rights to privacy and anonymous speech. Part IV argues that the absence of certain detailed information from a subpoena is not a basis upon which the subpoena may be quashed. Part V argues that Movant's misjoinder challenge is premature at this stage of the litigation. Part VI argues that Movant's factual denials and arguments on the merits are premature and irrelevant to his motion. Finally, Part VII argues that neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citation to unrelated authority provides a basis for quashing the subpoena.

## I. MOVANT IS NOT A PARTY TO THIS ACTION, AND A NONPARTY CANNOT BE PREEMPTIVELY DISMISSED FROM AN ACTION

Movant asks to be dismissed from this action. (Mot. to Quash #11 at 4.) Movant is not yet a party, and a nonparty cannot be dismissed from an action. Movant appears before this Court only because he received a letter from Comcast (*see* Mot. to Quash #11 ¶ 3), and at this time Movant is merely a third party who is on notice of his potential status as a party defendant. Courts agree that unserved defendants are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (affirming the district court order adopting the magistrate judge's recommendation to deny the motion to dismiss because the "defendants, not having been served with process, were not yet parties") (internal quotation marks omitted); *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, No. 07-cv-1005, 2008 WL 746669, at *1 n.2 (N.D. Ohio Mar. 18, 2008) (unserved defendant is "not a party to th[e] motion to dismiss"); *c.f. F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1310–11 (D.C. Cir. 1980) (describing the entity about whom the information was sought by subpoena as neither "an accused in a criminal action nor . . . a defendant in a civil action" but as "merely a third-party witness on notice of its potential status as a party defendant"). As a result, unserved defendants may not properly move to dismiss. *Chandler v. McKee Foods Corp.*, No. 5:08-CV-00062, 2009 WL 210858, at *2 (W.D. Va. Jan. 28, 2009) (taking unserved defendant's motion under advisement until he has been served).

There are several reasons why Movant's implied request to be treated as a party is improper. The first is the constitutional requirement of standing. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also* U.S. Const. art III. The closest Movant comes to being an adversary is the speculative concern that he *may* be added as a party once Comcast responds to Plaintiff's subpoena. This speculation about what Plaintiff *may* do falls far short of the high constitutional bar for concrete adverseness. *Spencer v. Kemna*, 523 U.S. 1, 11 (1998) (stating that it is the "burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") (internal quotation marks omitted). Federal courts within the Northern District of Illinois and across the country have recognized that Plaintiff retains full discretion over who it chooses to name as Defendants after the conclusion of discovery from nonparty ISPs. *See* Order 2, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) [hereinafter Lindberg July 26 Order] (Lindberg, J.), ECF No. 19 ("The Does may raise these issues when plaintiff has named them as defendants, *if that action occurs*.") (emphasis added); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("[T]he plaintiff may, based on its evaluation of [putative defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . ."). Second, the prudential limitations on the exercise of federal court jurisdiction also prevent Movant from asserting the rights of an unnamed defendant. *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Winkler v. Gates*, 481 F.3d 977, 979 (7th Cir. 2007). Prior to the completion of discovery from nonparty ISPs such as Comcast, neither Plaintiff nor this Court should assume, based solely on the word of an anonymous Movant, that Movant is the same as a Doe Defendant, or that Movant can speak for any Doe Defendant.

3

The danger of allowing Movant to stand in the shoes of a Doe Defendant at this stage of the litigation becomes especially apparent when examined in the context of the Federal Rules of Civil Procedure ("FRCP"). Movant argues against the sufficiency of Plaintiff's pleadings, which could conceivably be construed as a defense raised in a pre-answer motion under FRCP 12(b)(6), if Movant were considered a party. However, the FRCP require a proper 12(b) motion to be made by a party who has been named and served with process. FRCP 12(h)(1)(A) specifies that any defense listed in FRCP 12(b)(2)–(5) is waived if omitted from a pre-answer motion. The defenses subject to waiver include, *inter alia*, "insufficient process" and "insufficient service of process." Fed R. Civ. P. 12(b)(4)–(5). Movant *could not possibly raise these defenses* at this stage of the litigation when there is no service of process to challenge.[1] Yet, the rules dictate that if Movant's motion is treated as including proper defenses under FRCP 12(b), the 12(b)(2)–(5) defenses not raised are nevertheless waived. While waiver of certain defenses may be a defensible legal strategy, it is not defensible for the Court to allow an anonymous *pro se* individual, who may or may not be a Doe Defendant, to waive defenses on behalf of an unidentified Doe Defendant. The Court should not indulge in the legal fiction of treating Movant as a party to this action.

## II. MOVANT SHOULD NOT BE ALLOWED TO PROCEED ANONYMOUSLY AND IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant raises two similar, but separate, issues regarding the propriety of maintaining anonymity in judicial proceedings. The first arises because Movant has brought the instant motions anonymously; the second arises because Movant requests a protective order. (*See* Mot. for Prot. Order #12.) The Court should deny Movant the ability to proceed anonymously, and should also deny Movant's request for a protective order.

---

[1] Movant does state that he "has not been served with any pleadings in the case" and "has no knowledge of Plaintiff, this action, or any other aspect of the case." (Mot. to Quash #11 ¶ 2.) A particularly generous Court could conceivably construe this statement from a *pro se* litigant as preserving the issues of insufficient process and insufficient service of process, if the Court were determined to treat Movant as a party at this stage of the litigation. That doing so would create procedural complexities and traps for unwary *pro se* litigants, however, only bolsters Plaintiff's argument that Movant should not be treated as a party.

### A. Movant Should Not Be Allowed To Proceed Anonymously

By bringing his motions anonymously, Movant improperly attempts to circumvent the presumptive openness of judicial proceedings. The Court should deny Movant's attempt to proceed anonymously because he fails to meet or discuss his burden to justify doing so. FRCP 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). Even so, it is within the discretion of the district court to grant the "rare dispensation" of anonymity. *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Pseudonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). The district court has a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party. *Microsoft Corp.*, 56 F.3d at 1464. In conducting this balance, the court must weigh a plaintiff's "privacy concerns against the presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Factors for the court to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;

      (4) whether the action is against a governmental or private party; and
      (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d at 238. Because, as will be discussed further, *infra* Part III, the Doe Defendants in this case have no cognizable claim of privacy in their subscriber information that is not outweighed by Plaintiff's need for the same, they should not be permitted to proceed anonymously. Moreover, as discussed above, *supra* Part I, it is improper to allow anonymous non-party Movants to raise—or even waive—the legal rights of Doe Defendants. At least two other federal courts came to the same conclusion and ordered John Does who filed pleadings to also file a notice indicating their identity by name, address, e-mail address, and telephone number. Order to Show Cause 1–2, *Hard Drive Prods. v. Does 1–21*, No. 4:11-cv-59-SEB-WGH (S.D. Ind. July 27, 2011) (Barker, J.), ECF No. 22 ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*."); Order Denying Implied Request to Proceed Anonymously 3, *Achte/Neunte Boll Kino Beteiligungs GMBH & CO. KG, v. Does 1–4,577*, No. 10-453 (RMC) (D.D.C., Sept. 16, 2010). This Court should do the same, and deny John Does the ability to proceed anonymously.

    **B.**    **Movant Is Not Entitled To a Protective Order**

Movant requests a protective order, seeking to protect his identity from disclosure to Plaintiff and from disclosure in public court filings. (*See* Mot. for Prot. Order #12.) Movant misidentifies the provisions of the FRCP that govern his request as FRCP 27 and FRCP 37.[2] Movant's request is instead governed by FRCP 26(c). Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Although Rule 26(c) contains no specific reference to privacy or to other rights or interests, such matters have been held implicit in the broad purpose and language of the rule. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21

---

[2] (*See* Mot. for Prot. Order #12.) Rule 27 addresses depositions to perpetuate testimony. Fed. R. Civ. P. 27. Rule 37 addresses failure to make disclosures or cooperate in discovery. Fed. R. Civ. P. 37. Neither rule is relevant to Movant's request.

(1984). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and Movant's First Amendment right to anonymity in the context of his BitTorrent activity is minimal and outweighed by Plaintiff's need for the putative defendants' identifying information in order to protect its copyrights. *See Voltage Pictures*, 2011 WL 1807438, at *4 (denying motions for protective orders from thirty-five anonymous movants).

Movant is not subject to any of Plaintiff's subpoenas, which were issued to nonparty ISPs. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See id.*; *Voltage Pictures*, 2011 WL 1807438, at *3–4; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena could not demonstrate "*any* burden"). Movant's request for a protective order therefore fails on all possible explicit grounds.

Even to the extent that Movant's request invokes the implicit issue of privacy, it must fail. As will be discussed in greater depth in the following section, a person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. The Court should deny a protective order because Movant is not subject to Plaintiff's subpoenas and Movant's privacy interests are minimal.

### III. PLAINTIFF HAS STATED A *PRIMA FACIE* CLAIM FOR COPYRIGHT INFRINGEMENT WHICH OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that Plaintiff's pleadings are defective in a number of ways, all of which are demonstrably incorrect in summarizing the law or in assessing Plaintiff's pleadings.[3] Most importantly, and erroneously, Movant argues that Plaintiff has failed to allege that "an act giving

---

[3] (*E.g.*, Mot. to Quash #11 ¶¶ 9–10.) For example, Movant claims that 17 U.S.C. § 109 defines Plaintiff's "exclusive right to distribution," when in fact this section addresses what is commonly known as the "first sale doctrine," a limitation on Plaintiff's distribution rights that is only implicated when, and if, a legal copy of a work is purchased. Plaintiff notes that Movant states outright that he has "no knowledge of Plaintiff, this action, or any other aspect of this case," and as such, Movant's arguments concerning the law and the sufficiency of Plaintiff's pleadings should not be taken at face value without investigation. (*Id.* ¶ 2.)

rise to civil liability actually occurred" that would entitle it to "invade the privacy of citizens" because the "complaint is too vague." (*See* Mot. to Quash #11 ¶¶ 7–8.) This argument is unavailing because Plaintiff has exhaustively satisfied the standard for a *prima facie* showing of copyright infringement, and therefore has a need for discovery of Doe Defendants' identities that outweighs Movant's limited privacy interest and his limited right to anonymous speech.

Federal courts across the nation have repeatedly held that a person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (Chen, J.) (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

The *Sony Music* court found that the plaintiffs had made a *prima facie* showing of copyright infringement by alleging (1) ownership of the copyrights or exclusive rights of copyrighted sound recordings at issue; and (2) that "each defendant, without plaintiffs' consent, used, and continue[d] to use an online media distribution system to download, distribute to the public, and/or make available for distribution to others certain" copyrighted recordings. 326 F. Supp. 2d at 565. Here, Plaintiff has made a *prima facie* showing of copyright infringement. First, it alleged ownership of the copyrights of the creative Video at issue in this case. (*See* Compl. ¶¶ 2, 18–20, 26.) Second, it also alleged supporting facts, identifying the copyrighted

Video and describing how it was reproduced and distributed by Defendants using BitTorrent. (*See* Compl. ¶¶ 3, 22–24.) Thus, Plaintiff has exhaustively satisfied the standard for a *prima facie* showing of copyright infringement, and the limited protection afforded to Defendants by the First Amendment must give way to Plaintiff's need to enforce its rights.

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.); *see also Voltage Pictures*, 2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Another court in the Northern District of Illinois recently came to the same conclusion. Lindberg July 26 Order 2. Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

### IV. THE ABSENCE OF CERTAIN DETAILED INFORMATION FROM A SUBPOENA IS NOT A BASIS UPON WHICH THE SUBPOENA MAY BE QUASHED

Movant claims that the subpoena "should be quashed because it does not contain any information about the claimed copyrighted work" such as the movie name, because it does not "provide information on the amount of data shared and/or the duration," and because it "fails to state the validity of the gathered information." (Mot. to Quash #11 ¶¶ 12–14.) The absence of certain extremely detailed information is not an allowable basis upon which Plaintiff's subpoena may be quashed under the Federal Rules of Civil Procedure. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's

9

only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here. *See Kessel v. Cook Cnty*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (rejecting all of plaintiffs' objections to defendants' non-party subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment").

Even if the Court is generous enough to treat Movant's objections as appropriately raised, the argument must still fail because the subpoena contains all necessary information. The subpoena was issued pursuant to this Court's Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (June 22, 2011, ECF No. 10), and is in full compliance with both that Order and with Fed. R. Civ. P. 45. The standard by which Movant would have the Court evaluate whether a subpoena contains sufficient information is unclear. (*See* Mot. to Quash #11 ¶¶ 12–14.)

Moreover, Movant has or will have other avenues by which to obtain this highly detailed information. Some requested information such as the Video name is readily available in Plaintiff's Complaint. (*See* Compl. ¶ 3.) Movant has been informed of this action by his ISP, no documents filed in this action have been filed under seal, and all documents filed in this action are available to the public through the federal Judiciary's centralized Public Access to Court Electronic Records ("PACER") system. Furthermore, Movant directly argues against the sufficiency of Plaintiff's Complaint in the instant motion, and must therefore have access to the Complaint. Finally, Plaintiff notes that the ultimate goal of issuing non-party subpoenas to ISPs is to identify Doe Defendants, to amend the Complaint to name them, and to serve them with a copy of the Complaint. If Movant believes that additional detailed factual information is crucially relevant to his defenses in this action, he will have an opportunity to take discovery in support of his defenses after service has been accomplished.

The Court should deny Movant's motion because the absence of certain detailed information is not a basis upon which a subpoena may be quashed, because Plaintiff's nonparty

subpoena contains all necessary information, and because Movant has, or will have, multiple other avenues by which to obtain that information.

### V. MOVANT'S MISJOINDER CHALLENGE IS PREMATURE

Movant's challenge to joinder is premature at this early juncture of the litigation. Movant argues that "there is no common nexus of fact, [and] that the various [Doe Defendants] presumably have no idea as to the identities of any other [Doe Defendants]." (*See* Mot. to Quash #11 ¶ 5.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation, regardless of whether Movant's argument eventually proves to have any merit. Lindberg July 26 Order 2; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter *Kendall June 9 Decision*] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) (citing *Voltage Pictures*, 2011 WL 1807438, at *4) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious").

At this stage in the litigation, where discovery is underway only to learn identifying facts necessary to permit service on Doe Defendants, joinder is plainly proper. *Kendall June 9 Decision*, 2011 WL 2292958, at *2. Plaintiff has alleged that Doe Defendants have infringed Plaintiff's copyrighted Video through the same file-sharing protocol—BitTorrent—that operates through simultaneous and sequential computer connections and data transfers among the users, including Defendants. (*See* Compl. ¶¶ 4, 8, 11–13, 15, 22–24.) Such allegations have been held sufficient to sustain joinder while discovery of Doe Defendants' identities is underway. *MCGIP*, 2011 WL 2181620, at *4 (holding such allegations were sufficient at same early stage of litigation and postponing joinder discussion); *Voltage Pictures*, 2011 WL 1807438, at *4 (same); *see also Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *4–5 (D.D.C. Mar. 22, 2011) (Howell, J.) (finding plaintiffs' allegations that the Doe defendants used

BitTorrent, that BitTorrent "makes every downloader also an uploader," and that any peer who has completed a download "is automatically a source for the subsequent peer" were sufficient to make claims against defendants "logically related").

      Discretionary concerns also weigh against severance at this stage of the litigation. The discretionary joinder concerns—avoiding prejudice and delay, ensuring judicial economy, and safeguarding principles of fundamental fairness—were thoroughly examined in a highly similar factual and procedural context by Judge Howell of the United States District Court for the District of Columbia. *Call of the Wild Movie*, 2011 WL 996786, at *4–7. "Joinder will avoid prejudice and needless delay for the only party currently in the case, namely the plaintiff, and promote judicial economy." *Id.* at *4. Furthermore, "[t]he putative defendants are not prejudiced but likely benefited by joinder, and severance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress . . . ." As Judge Howell reasoned, and as Plaintiff's counsel has learned through experience, severance would be especially contrary to the interests of any individuals who have been named as Doe Defendants multiple times in the same suit for multiple observed instances of infringing activity, a possibility that is a consequence of the dynamic reassignment of many consumer IP addresses:

> [S]ome IP addresses may relate to the same person, who is engaged in the allegedly infringing activity claimed by plaintiffs. Severance of the putative defendants associated with different IP addresses may subject the same Time Warner customer to multiple suits for different instances of allegedly infringing activity and, thus, would not be in the interests of the putative defendants.

*Call of the Wild Movie*, 2011 WL 996786, at *6. The same logic applies to Comcast in Illinois, and thus all discretionary factors weigh against severance at this stage of the litigation.

      As another Court within the Northern District of Illinois recently decided, misjoinder arguments are premature at this stage of the proceedings and would be better handled after Doe Defendants have been named and served. Lindberg July 26 Order 2 ("The Does may raise these issues when plaintiff has named them as defendants, if that action occurs."). At a later point in this litigation, after Doe Defendants have been named and served, they may re-raise joinder

issues under Fed. R. Civ. P. 20 and move to sever under Fed. R. Civ. P. 21, and that will be the appropriate time for the Court to evaluate the merits of such arguments. *Id.*; *Kendall June 9 Decision*, 2011 WL 2292958, at*2; *Voltage Pictures*, 2011 WL 1807438, at *8; *see also MCGIP*, 2011 WL 2181620, at *1. The Court should deny the instant motion because Movant's joinder challenge is premature.

## VI. MOVANT'S FACTUAL DENIALS AND ARGUMENTS ON THE MERITS ARE PREMATURE AND IRRELEVANT TO HIS MOTIONS

Movant denies personally infringing Plaintiff's copyrights (Mot. to Quash #11 at 9 ¶¶ 1–4), and argues that modern technology is not capable of establishing the identity of an individual associated with Internet-based copyright infringement or proving infringing conduct for which damages may be awarded. (*See* Mot. to Quash #11 ¶¶ 14–15.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *MCGIP*, 2011 WL 2181620, at *1 (citing *Voltage Pictures*, 2011 WL 1807438, at *2) (denying anonymous motion to quash).

Movant essentially asks the Court to reconsider its Order Granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (June 22, 2011, ECF No. 10), based on arguments concerning the precision of modern technology. These are arguments on the merits, and "the merits of this case are not relevant to the issue of whether [Plaintiff's] subpoena is valid and enforceable." *Voltage Pictures*, 2011 WL 1807438, at *2 (quoting *Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010)) (denying anonymous motion to quash); *see also MCGIP*, 2011 WL 2181620, at *1 (same).

Movant may have valid defenses to this suit, possibly including that he has been "improperly identified by the ISP," but the time to raise those is after Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Voltage Pictures*, 2011 WL 2181620, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL

919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motions because Movant's factual denials and merits-based technological arguments are premature and irrelevant.

VII. **NEITHER MOVANT'S *AD HOMINEM* ATTACKS NOR HIS CITATION TO UNRELATED AUTHORITY PROVIDES A BASIS FOR QUASHING THE SUBPOENA**

Movant accuses Plaintiff and/or Plaintiff's counsel of "bad faith" motives—specifically, of issuing a subpoena "only for purposes of harassment." (Mot. to Quash #11 ¶ 6.) The list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant offers only sweeping generalizations—and no specific allegations—regarding the activities of Plaintiff and/or Plaintiff's counsel. (*See generally* Mot. to Quash #11.)

Movant also cites to a Memorandum Order from Judge Shadur in support of his motion, arguing that because "the counsel for V.P. [sic] Productions is the same as the counsel in this case, and as this is the same type of case, the potential for . . . abuses . . . clearly exist [sic] as well." (Mot. to Quash #11 ¶ 16.) However, Movant fails to establish the relevance of an order made under a different factual and procedural context than the instant motion. *E.g.*, Mem. Order, *CP Prods., Inc. v. Does 1–300*, No. 10-6255 (N.D. Ill. Feb. 7, 2011) (dismissing action *sua sponte* under Fed. R. Civ. P. 4(m), for expiration of the time prescribed for service of defendants). Movant also fails to note that other judges within the Northern District have since approved similar actions filed by Plaintiff's counsel. *See generally* Lindberg July 27 Order; *Kendall June 9 Decision*, 2011 WL 2292958. As Judge Chen of the Northern District of California wrote in response to similar attacks on Plaintiff's counsel, "the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit." *MCGIP*, 2011 WL 2181620, at *1.

**CONCLUSION**

The Court should deny Movant's motion. Movant is a nonparty and cannot be preemptively dismissed from an action to which he is not yet a party; Movant should not be allowed to proceed anonymously and is not entitled to a protective order; Plaintiff has stated a *prima facie* claim for copyright infringement that outweighs Movant's limited First Amendment rights to privacy and anonymous speech; the absence of certain detailed information from a subpoena is not a basis upon which the subpoena may be quashed; Movant's misjoinder challenge is premature at this stage of the litigation; Movant's factual denials and arguments on the merits are premature and irrelevant to his motion; and neither Movant's *ad hominem* attacks on Plaintiff's counsel nor his citation to unrelated authority provides a basis for quashing the subpoena.

Respectfully submitted,

FIRST TIME VIDEOS, LLC,

**DATED:** July 28, 2011

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160;  Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 28, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ John Steele
JOHN STEELE